Taylor, Chief-Justice.
 

 The principles of pleading at common law do not authorize a judgment of
 
 quando
 
 against an administrator, where issue is taken on the plea, oí'
 
 piene administvuvii,
 
 and it is found in his favor— The Defendant is then out of Court, and the Plaintiff is forever concluded. The rule established in
 
 Mary Shipley’s case,
 
 (8
 
 Rep.
 
 134
 
 b.)
 
 that upon such a plea, the Plaintiff may immediately take judgment of asset quando, continues to be the law at this day ; and the form of replication to such a plea shows, that the Plaintiff must admit, the truth of it, to entitle him to such a judgment.
 
 (9 Chitty
 
 613.) If he take issue upon the plea, he is bound to prove that the executor has some assets in his hands, and having done so, he is then entitled to a like judgment, for the residue of the debt, which there are not present assets to pay. It is on this ground, that the Plaintiff was entitled in this case to a judgment
 
 quando
 
 and as it was omitted at the term of trial, and it does not appear that there are any third persons likely to be injured by the amendment, it is reasonable and just that it now be made. The-case of
 
 Mara
 
 v,
 
 Quin
 
 furnishes an example of a judgment being amended, so as to attach upon the assets, received between the time of suing out the writ and the judgment. (6 Term.
 
 Rep. 1.)
 

 Per Curiam. — Judgment affirmed.